IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CHRISTOPHER AND MONA AYRES, § | |
| Individually and as Next Friends § | |
| of Jane Doe, a Minor § | |
| § | |
| V. § | CIVIL ACTION NO. G-04-506 |
| § | |
| TEXAS CITY INDEPENDENT SCHOOL § | |
| DISTRICT and BOBBY KOHN § | |

**REPORT AND RECOMMENDATION**

On August 24, 2004, Christopher and Mona Ayers, individually and as Next Friends of Jane Doe, filed suit in this Court against Texas City Independent School District pursuant to 42 U.S.C. 1983; and, against Bobby Kohn, for sexual assault and battery of Jane Doe. Now before the Court is the Motion for Summary Judgment of Defendant Texas City Independent School District, filed on November 22, 2004, to which a Response; Reply to Response and Sur-reply have been filed. Having given this matter thorough consideration, this Court recommends that Defendant TCISD's Motion for Summary Judgment be granted in part, and denied in part, for the reasons which follow.

Under Federal Rule of Civil Procedure 56(c), "if there is no genuine issue as to any material fact...the moving party is entitled to judgment as a matter of law." The inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986). A party opposing summary judgment must marshal sufficient facts to show that there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24

1

(1986). Once done, the question is whether Plaintiffs, even if they prove their allegations to be completely true, would be entitled to redress under Section 1983.

Plaintiffs allege that Jane Doe, a five-year old, Down's Syndrome and mentally retarded child who functions at the level of a three and one-half year old, was allegedly sexually assaulted, repeatedly, while attending Heights Elementary School in Texas City from January, 2004 through April 1, 2004. On some date between January, 2004 and March 30, 2004, Jane Doe developed rashes in her vaginal area, which the Ayres treated with topical ointment that they obtained from their doctor. Jane Doe strongly resisted the treatment, kicking, screaming and crying hysterically as her parents attempted to "pry open" her legs to treat her. During this same time period, Jane Doe's behavior deteriorated; she was uncooperative and regressed in toilet training, and cried at every change of her pull-up diaper training pants. On July 10, 2004, the Ayers moved to San Clemente, California, due to Christopher Ayers' active duty assignment to Camp Pendleton. On July 15, 2004, when Mona Ayres asked Jane Doe if she was ready to go to school, her daughter allegedly replied, "No, Bobby hurt me." When asked where she was hurt, Jane Doe allegedly pointed to her buttocks, pulled her pants down and said "See, Mommy." Jane Doe also made similar outcries to her father, pointing to her vaginal area. "This once friendly, happy-go-lucky child is now terrified to go to school and is terrified of school busses to the point where she cries hysterically, and routinely loses control of her bodily functions from fear."[1] Jane Doe's fear and outcries prompted Mona Ayres to take her daughter to the pediatrician, who's examination revealed that Jane Doe's hymen was no longer intact, and indicated that she had been sexually molested. Based on the pediatrician's finding and the child's uncharacteristic behavior, the matter was reported to the appropriate authorities. In

---

[1] Plaintiffs' Third Amended Original Complaint, page 2.

July or August, 2004, the Ayres were informed that another disabled child who had been a student at Heights Elementary the same time as Jane Doe, had allegedly been sexually assaulted by Bobby Kohn and had filed suit against Kohn and TCISD. Given the similarity in dates and the uncharacteristic physiological and behavioral symptoms exhibited by their daughter, the Ayres filed the instant cause on August 24, 2004.

Plaintiffs allege that TCISD policies concerning the prevention, detection and reporting of sexual abuse in Texas City schools were deficient in context and, in regard to disabled children, non-existent. Plaintiffs further allege that TCISD failed to ensure that teachers, staff and teachers' aides were aware of and understood the policies in place; and, failed to provide any training for its staff or employees in the detection, prevention and reporting of sexual abuse. Plaintiffs assert that TCISD policy deficiencies caused or contributed to the injuries suffered by Jane Does and constitute deliberate indifference. Plaintiffs further allege that the non-existence of any policy addressing the special needs and care of disabled children constitutes deliberate indifference.

As evidence in support of their claim of deliberate indifference, Plaintiffs cite several examples. Although the governing board of TCISD, the Board of Trustees (the Board) had adopted a Texas Association of School Boards form policy for the reporting of suspected abuse, the teachers' aides deposed in this matter were not aware of the policy or its contents until after it was discussed during a teacher work-day, months after allegations of prior sexual abuse of a similarly situated disabled child surfaced. *See* C.A. No. G-04-428, *Williams vs. TCISD and Bobby Kohn.* Plaintiffs further assert and provide evidence that there is no policy regarding the needs, care and protection of special needs children in TCISD, many of whom are unable to speak or verbally express themselves. TCISD policies regarding protection of students, including those with regard to sexual

abuse and the protection of children from sexual abuse, <u>are the same</u> for regular students as they are for special needs students."[2]

As evidence of deficiencies regarding the detection and reporting of possible sexual abuse in disabled children, Plaintiffs assert that in the *Williams* case, TCISD did not contact anyone - the police, Child Protective Services, or even Jane Doe Williams' parents - when it became known that Jane Doe Williams had emitted, on several occasions, a strange, different smell suggestive of sexual interference. It was not until Jane Doe Williams' mother took her daughter to the emergency room with bloody panties that medical providers, not TCISD employees, reported the abuse to CPS and the police. Plaintiffs also allege that attempts may have even been made by TCISD to cover-up their suspicions of wrongdoing by an employee. Defendant Kohn was released from his job as teachers' aide at Heights Elementary on April 1, 2004, after allegations of sexual abuse of Jane Doe Williams; yet, Derreck W. Rose, who was Chief of Police for the TCISD between the dates at bar, January, 2004 and June, 2004, states in his Affidavit[3] that at no time between these two dates was he ever made aware of the sexual abuse allegations. Had he been made aware of the allegations, Rose states that he would have immediately instigated an official police investigation and would have coordinated his efforts with the CPS and the Texas City Police Department. In addition, during the time that their daughter attended Heights Elementary, the Ayres were never told that an ongoing investigation by the Texas City Police Department was being conducted into sexual assault allegations of another child in the same class as Jane Doe's. The alleged perpetrator in the instant case, Bobby Kohn, was also Jane Doe Ayres' teacher's aide, yet, despite allegations that Kohn had

---

[2] Plaintiffs' Response to Defendant's Motion for Summary Judgment, page 13; Exhibit J, page 53.

[3] Plaintiffs' Response to Defendant's Motion for Summary Judgment, Exhibit N.

sexually molested Jane Doe Williams, TCISD remained silent about the investigation for five months, until it was made aware that Jane Doe Ayres was also exhibiting severe behavioral changes.

Plaintiffs also allege that TCISD policy regarding the hiring of teachers' aides was deficient. Bobby Kohn, Jane Doe's teachers' aide, was hired as a teachers' aide despite the fact that he had no prior experience working with children, much less disabled children. He simply had no criminal record. As a substitute at TCISD, he could choose daily (from a telephone-based, District-wide system) the classroom in which he wanted to work. In January, 2004, he began working as a full-time teachers' aide at Heights Elementary. The Board of Trustees had no policy regarding the hiring or placement of substitute teachers' aides. Kohn was the only male teachers' aide in Jane Doe's area and admitted to having been alone with Jane Doe on at least one occasion for approximately one-half hour on March 31, 2004.[4] This is around the time that Jane Doe's behavior worsened to the extent that her teacher recommended that Jane Doe attend school for half, instead of full days.

Defendant TCISD asserts in its Motion for Summary Judgment that, as a governmental entity, TCISD is not liable for the injuries caused to Jane Doe because Plaintiffs have failed to meet their burden of demonstrating that the TCISD Board of Trustees was deliberately indifferent in failing to enact policies that were obviously necessary to prevent the constitutional violation of Jane Doe's right to bodily integrity. (The TCISD may only be held liable for actions taken by its Board and cannot be held liable for any actions, discretionary or otherwise, taken by any school official.) Defendant asserts that TCISD's policies expressly prohibit sexual harassment and abuse and require suspected abuse to be reported, investigated and addressed. Since TCISD's policies "plainly prohibit sexual abuse and contain requirements for reporting and investigating allegations of sexual

---

[4] Plaintiffs' Response to Defendant's Motion for Summary Judgment, Exhibit K, page 2.

abuse," Defendant asserts that Plaintiffs Section 1983 claim based on "no policy" or an "inadequate policy" is without merit.

Defendant also argues that Plaintiffs have failed to show that TCISD was deliberately indifferent to the constitutional rights of Jane Doe, as Plaintiffs produced no evidence that the TCISD Board "was aware of a need for a policy 'regarding training in the detection of sexual abuse...' yet deliberately chose to reject adoption of such a policy.'" Defendant asserts that Plaintiffs have failed to allege or prove the TCISD Board was deliberately indifferent in failing to enact policies concerning training and the detection of sexual abuse, or that the school district's conduct was the "moving force" behind the sexual abuse of Jane Doe.  Rather, Defendant alleges that the response of TCISD officials to Plaintiffs' allegations demonstrates the adequacy of the District's policies and a lack of deliberate indifference, because when it became "reasonable to suspect that Jane Doe [W]illiams might have been abused," TCISD employees followed established policy and notified the principal of the school, who immediately had Defendant Kohn removed from the classroom on April 1, 2004.

With respect to hiring practices, TCISD asserts that there is no link between the decision to hire Defendant Bobby Kohn and the injury caused to Jane Doe, stressing that almost any injury can be traced back to a hiring decision; and, absent scrutinized information about an applicant's background that would lead a policymaker to conclude that the obvious consequence of hiring the applicant would be the deprivation of a third party's constitutional rights, the decision to hire or failure to adequately scrutinize the applicant does not constitute deliberate indifference.  Finally, TCISD asserts that Plaintiff's claims against TCISD and Kohn sound in negligence and are, therefore, barred by governmental immunity.

Defendant TCISD's assertion that Plaintiffs' claims are founded in negligence is without merit. Plaintiffs' claims center around harm caused by allegedly inadequate school policies and the resultant failure of TCISD to properly educate and supervise employees. All defense arguments are premised on matters dealing directly with the making of policy and legal implications thereof. The issues as presented are not based in negligence but on allegations of inadequate or improper policies of a government entity, and are viable Section 1983 claims.

The burden of proving governmental liability under Section 1983 is stringent, and requires that a Plaintiff allege a violation of a right secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). A municipality or local government such as an independent school district may be held liable under Section 1983 when the enforcement of a government policy or custom was the moving force of the violation of a federally protected right. *Id*. at 216. A municipality cannot be held liable under a *respondeat superior* theory, but may be liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 215 (quoting *Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658, 694 (1978)).

In order for Plaintiffs to establish that TCISD is liable, they must prove that the sexual assault allegedly suffered by Jane Doe was the result of an official policy that exhibited deliberate indifference to her constitutional rights and resulted in her injury; or, that her injuries resulted from longstanding practice or custom by TCISD. "An omission that evinces deliberate indifference toward

the violation of an individual's constitutional rights" may also constitute an act that causes the violation. *Lopez v. Houston Indep. Sch. Dist.* 817 F.2d 351, 355 (5th Cir. 1987).

Defendants have provided evidence that a TCISD Board policy related to sexual harassment and sexual abuse, and the reporting and investigation of such, was in force at the time Jane Doe was allegedly sexually assaulted. The mere fact that the Board had a policy which addressed sexual abuse is, however, just the beginning of the appropriate inquiry. Clearly, the policy is not unconstitutional on its face. However, in cases such as this, "even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Plaintiffs have alleged that no TCISD policy exists regarding the care of special needs or disabled children who attend school within TCISD; Defendants have not rebutted this allegation. It may defy common sense to assert that TCISD would actually have a policy of not taking reasonable steps to protect its most helpless children from sexual predators. But, where the need for heightened education and training is so obvious, and the inadequacy is so likely to result in the violation of those children's constitutional rights, the policymakers of the school district can reasonably be said to have been deliberately indifferent to the children's needs. Cf. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). This Court is of the opinion that a lack of policy regarding special needs children and a lack of care in determining who should be responsible for such children at any given time, reflects the type of omission that could evince deliberate indifference towards the violation of the constitutional rights of a child such as Jane Doe. Genuine issues of material fact exist with regard to this claim and summary judgment is not appropriate.

Genuine issues of material fact also exist with regard to the question of whether Jane Doe's injuries resulted from longstanding practice or custom by TCISD. "[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," a governmental entity may be held liable under Section 1983. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d at 215. In other words, liability exists if facts suggest that the actions taken or not taken by TCISD, in response to reports of sexual abuse, amounted to a custom, practice, or policy of deliberate indifference to the sexual perpetrator's actions and the constitutional rights of Jane Doe. Plaintiffs have provided evidence that in at least one other instance at Heights Elementary between January, 2004 and April 1, 2004, sexual abuse of a disabled child was suspected but not reported until after another alleged molestation had occurred. *See* C.A. 04-428, *Williams v. TCISD and Bobby Kohn.* During this same period of time, Jane Doe Ayres was also a disabled student at TCISD and Kohn was her teachers' aide. An April 1, 2004, when Kohn was dismissed from his job at Heights Elementary because of allegations of sexual abuse of a disabled child, Jane Doe remained at Heights Elementary and was exhibiting disturbing behavioral changes; yet, the Ayres were not told of the other allegations even when it became reasonable to suspect that Jane Doe Williams had been sexually molested at school. They were not informed of the matter until months later, after they had moved to California, when it was brought to the attention of the TCISD superintendent that Jane Doe's behavior and attitude about going to school had changed dramatically. The children in both the instant and the *Williams* case are mentally and physically challenged and unable to directly express themselves in a meaningful way. Both children suffered horrific injuries caused by sexual abuse that allegedly occurred at Heights Elementary when Kohn was their only teachers' aide. It has already been shown that no policy

Case 3:04-cv-00506   Document 53   Filed in TXSD on 06/22/05   Page 10 of 12

exists for the care and treatment of disabled children. It has been shown that teachers' aides at the school who were deposed in this matter were unaware of any policy concerning the detection and reporting of sexual abuse when the alleged sexual assaults took place. When sexual abuse was suspected in early 2004, nothing was done, no protocol was followed. This evidence alone gives rise to a reasonable inference that the practice regarding sexual abuse, its detection and urgency of reporting, especially where young, handicapped children were concerned, was non-existent and arguably well-settled. Given these facts, this Court is of the opinion that questions of material fact exist as to whether a custom or practice directly contributed to, led to, or caused Jane Doe's injury, and whether, had Defendant TCISD acted reasonably, Jane Doe's injuries would not have occurred. *See Bielevicz v. Dubinon*, 915 F.2d 845, 853-54 (3d Cir. 1990). These are questions which cannot be resolved at the summary judgment stage.

Plaintiffs also plead that a "special relationship" existed between TCISD and Jane Doe, and that TCISD breached a constitutional duty by failing to protect Jane Doe against the actions of a Defendant Kohn. To prevail on this theory of liability, Plaintiffs must prove that Kohn was a third party to the relationship existing between TCISD and Jane Doe, and not a state actor at the time Jane Doe was raped.

Regardless of one's affiliation with the state, "a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed in the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1982). Hence, in determining which state-law duties are such that a breach is under color of state law, the focus must be on the nature of the duty and not the status of the person. The question is whether a particular duty is of such a nature that breach by a Defendant represents the misuse of state

authority.  As stated by the Fifth Circuit, a public school teacher acts under color of state law when there is a "sufficient nexus" between the teacher's <u>duties</u> and his sexual misconduct toward a student. *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 452 n.4 (1994).  Tragically, in this case, the <u>duties</u> of Kohn as a state-employed teachers' aide constitute the <u>only</u> nexus to the sexual assault that he allegedly committed against Jane Doe.  The alleged acts of sexual abuse occurred during regular school hours when Kohn was the sole aide and caretaker of Jane Doe.  The alleged sexual abuse of Jane Doe occurred only during the time that Kohn was employed by the school district.  Kohn's actions would not cease to be under color of state law merely because he acted beyond the scope of his authority; he allegedly committed the sexual violations against Jane Doe while performing his duties and obligations as a teacher's aide, and such conduct is, therefore, taken under color of state law.  *Id.*  In this Court's opinion, these facts are unquestionable as to whether Kohn was acting under color of state law when he allegedly committed the acts against Jane Doe that violated her constitutional rights.  Clearly, Kohn was a state actor when the alleged sexual assault of Jane Doe occurred.  Plaintiffs cannot simply "plead this fact away."  Having reached this conclusion, there is no need to address the issue of whether or not Jane Doe's educational requirements and parameters, as well as her unique disability, meet the confinement guidelines necessary to establish a "special relationship."  *See DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189 (1989).  Plaintiffs have failed to establish an essential element of the "special relationship" claim; summary judgment is therefore appropriate for this claim.

      Accordingly, for the foregoing reasons, this Court **RECOMMENDS** that TCISD's Motion for Summary Judgment be **GRANTED** on the "special relationship" claim.

The Court further **RECOMMENDS** that TCISD's Motion for Summary Judgment be **DENIED** on all other claims.

The Clerk shall send a copy of this Report and Recommendation to the parties by the means in place for transmission of same. The parties shall have until **July 5, 2004** in which to have written objections physically on file in the Office of the Clerk. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ⎯⎯22nd⎯⎯ day of June, 2005.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
John R. Froeschner
United States Magistrate Judge