IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER AND MONA AYRES, | § | |
| Individually and as Next Friends | § | |
| of Jane Doe, a Minor | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-506 |
| | § | |
| TEXAS CITY INDEPENDENT SCHOOL | § | |
| DISTRICT and BOBBY KOHN | § | |

## REPORT AND RECOMMENDATION

On August 24, 2004, Christopher and Mona Ayres, individually and as Next Friends of Jane Doe, filed suit in this Court against Texas City Independent School District pursuant to 42 U.S.C. 1983; and, against Bobby Kohn, for assault and battery of their daughter, Jane Doe.  Now before the Court is the Motion for Summary Judgment of Defendant Bobby Kohn, filed on March 31, 2005,  to which  a Response and Reply to Response have been filed.  Having given all motions, responses and applicable law thorough consideration, this Court will recommend that Defendant Kohn's Motion for Summary Judgment be denied.

Plaintiffs allege that Jane Doe, a five-year old, Down's Syndrome and mentally retarded child who functions at the level of a three and one-half year old, was sexually abused and raped by Bobby Kohn, a teachers' aide, while attending Heights Elementary School in Texas City from January, 2004 through March 31, 2004.  On some date between January, 2004 and March 30, 2004, Jane Doe developed rashes in her vaginal area, which the Ayres treated with topical ointment that they obtained from their doctor.  Jane Doe strongly resisted the treatment, kicking, screaming and crying hysterically as her parents attempted to "pry open" her legs to treat her.  During this same time period, Jane Doe's behavior deteriorated; she was uncooperative and  regressed in toilet training, and cried at every

change of her pull-up diaper training pants.  On July 10, 2004, the Ayres moved to San Clemente, California, due to Christopher Ayres' active duty assignment to Camp Pendleton. On July 15, 2004, when Mona Ayres asked Jane Doe if she was ready to go to school,  her daughter allegedly replied, "No, Bobby hurt me."  When asked where she was hurt, Jane Doe allegedly pointed to her buttocks, pulled her pants down and said "See, Mommy."  Jane Doe also made similar outcries to her father, pointing to her vaginal area. "This once friendly, happy-go-lucky child is now terrified to go to school and is terrified of school busses to the point where she cries hysterically, and routinely loses control of her bodily functions from fear." [1] On some date between July and August, 2004, the parents of Jane Doe learned that their daughter may have been sexually molested while attending Heights Elementary School in Texas City, Texas.  This information, coupled with Jane Doe's fear and outcries, prompted Mona Ayres to take her daughter to the pediatrician on August 5, 2004.   Dr. Norman Zeller's examination of Jane Doe  revealed that her hymen was not intact and her vaginal opening measured over 1 ½ centimeters in diameter, "consistent with a child who had been sexually molested."[2]  Based on Dr. Zeller's examination, a report was filed with the Orange County Child Abuse Registry. [3]

Kohn argues that contrary to the finding made by Plaintiff's physician in California, physicians at the University of Texas Medical Branch at Galveston, who examined Jane Doe on August 30, 2004, in response to Plaintiffs' rape and sexual assault claims, found that "the labia, vestibule, perineum, and anus demonstrated no observed trauma; and, that the physical examination was normal and seen

---

[1] Plaintiffs' Third Amended Original Complaint, page 2.

[2] Plaintiff's Response to Defendant's Motion for Summary Judgment, Exhibit A, Affidavit of Dr. Norman Zeller.

[3] *Id*.

in children that have not been sexually abused."[4]   UTMB medical records also reflect normal variants characteristic of persons with Down's syndrome, and that the hymen was not open.   The records also note that these physical findings did not rule out abuse or molestation because Jane Doe's history may indicate abuse.

Kohn also asserts that remarks allegedly made by Jane Doe to her mother about how "Bobby hurt me" constitute inadmissible hearsay.

Under Federal Rule of Civil Procedure 56(c), "if there is no genuine issue as to any material fact...the moving party is entitled to judgment as a matter of law."   When considering a summary judgment motion, a Court should not make credibility decisions and must view the evidence in the light most favorable to the non-movant, drawing every reasonable inference in his favor.   *Dibidale of La., Inc. v. American Bank & Trust*, 916 F.2d 300, 307-08 (5th Cir. 1990) ("Credibility assessments are not fit grist for the summary judgment mill."); *Tamini v. Salem Dry Cargo AB*, 866 F.2d 741, 742 (5th Cir. 1989). The inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).   A party opposing summary judgment must marshal sufficient facts to show that there is a genuine issue of material fact.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).   If the facts, as interpreted in the light most favorable to the Plaintiff, indicate material facts are in dispute, then summary judgment is not possible.

Plaintiffs have brought claims for assault and battery against Kohn, alleging that he sexually molested Jane Doe while working at Heights Elementary School as a teachers' aide.   Under Texas law, the common law actions of assault and battery are simply addressed as "Assault" in the Penal

---

[4] Defendant's Motion for Summary Judgment, Exhibit A.

Code.  *Baribeau v. Gustafson*, 107 S.W. 3d 52, 60 (Tex.App.– San Antonio, 2003).  An "Assault"

is both a criminal act and an invasion of private rights.  *Wal-Mart Stores, Inc. v. Odem*, 929 S.W. 2d

513, 522 (Tex.App.– San Antonio, 1996).  Therefore, the definition of "Assault," whether in a

criminal or civil trial is the same.  *Id., (citing Texas Bus. Lines v. Anderson*, 233 S.W. 2d 961, 964

(Tex.Civ.App.– Galveston, 1950, writ ref'd n.r.e.)).  In Texas, a person commits an assault if he

intentionally or knowingly causes bodily injury to another or "intentionally or knowingly causes

physical contact with another when the person knows or should reasonably believe that the other will

regard the contact as offensive or provocative."  Tex. Penal Code Ann. § 22.01(a)(1) & (3) (Vernon

1994).

In his motion for summary judgment, Kohn contends that Plaintiffs have provided no evidence

that he sexually molested Jane Doe.  Therefore, to create a fact issue in this regard, Plaintiffs must

bring forth evidence that would enable reasonable minds to differ in their conclusion as to whether

Kohn sexually molested Jane Doe.

In support of their claim that summary judgment is improper, Plaintiffs have produced an

affidavit from Dr. Zeller, who noted that the findings of his clinical examination of Jane Doe were

consistent with a child who had been sexually molested.  Plaintiffs have alleged that Kohn was alone

with Jane Doe on more than one occasion, and Kohn appears to have admitted this in his deposition.[5]

Additionally, Detective Clay Ruyle of the Texas City Police Department states in his sworn affidavit

that in his interview with Kohn, conducted during the investigation of the Williams case, (Civil Action

No. G-04-428),  Kohn stated that he had stayed inside with Jane Doe on March 31, 2004, for

---

[5] *See* Plaintiffs' Response to Defendant TCISD Motion for Summary Judgment,  Exhibit I, Deposition of
Robert            Kohn.

approximately twenty-five minutes.[6]  Plaintiffs also assert that Kohn was named as a Defendant in another suit involving possible sexual molestation of a disabled child who attended the same school as Jane Doe during the relevant time period.

Kohn asserts that Jane Doe's statements to her parents that "Bobby hurt me," and other similar remarks are hearsay and do not fall within the exceptions to the hearsay rule.  Plaintiffs argue that several hearsay exceptions, including (1) present sense impression; (2) excited utterance; (3) then existing mental, emotional or physical condition; or (4) statements for purposes of medical diagnosis or treatment, could apply.  This Court agrees that the statements may be admissible.  In *United States v. Napier*, 518 F.2d 316 (9th Cir.),  *cert denied*, 423 U.S. 895 (1975),  the victim of an assault was unexpectedly shown a picture of the alleged assailant in a newspaper eight weeks after the attack.  This caused her to become excited and to exclaim, "He killed me, he killed me."  The Court held that this startled, spontaneous statement of the victim was admissible as an excited utterance because the later startling event triggered  associations with the original trauma, recreating the stress earlier produced and causing the person to exclaim spontaneously.   Similarly, when Jane Doe's mother told her that she was being dressed for her first day of school in California, associations with alleged trauma from Kohn may well have been triggered, recreating anxiety earlier  produced and causing her to exclaim, "Bobby hurt me."  Given the  age and mental capacity of Jane Doe, it is highly unlikely that her alleged remarks were the result of thoughtful consideration, but, instead, the product of the exciting events.  Given the facts in evidence and the  foregoing case law, this Court is of the opinion that Jane Doe's

---

[6] *Billy and Mary Williams, Individually, and as Next Friends of Jane Doe, a Minor vs. Texas City Independent School District and Bobby Kohn*, C.A. No. 04-428; Plaintiff's Reply to Defendants' Motion for Summary Judgment, Exhibit I.

remarks constitute an exception to the hearsay rule as an excited utterance and should not be disregarded at this juncture.

Viewing the evidence in the light most favorable to Plaintiffs, this Court is of the opinion that Plaintiffs have brought forth more than a scintilla of evidence to raise a fact issue as to whether Kohn sexually molested Jane Doe.  It is, therefore, the **RECOMMENDATION** of this Court that Bobby Kohn's Motion for Summary Judgment (Instrument no. 47) be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties by the means in place for transmission of same.  The Parties **SHALL** have until **September 1, 2005** in which to have written objections physically on file in the Office of the Clerk.  Failure to file written objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____12th___ day of August, 2005.

_____
John R. Froeschner
United States Magistrate Judge